# IN THE COURT OF APPEALS OF IOWA

No. 23-2003
Filed June 18, 2025

EDWARD ALGENERIO CAMPBELL Jr.,
    Applicant-Appellant,

vs.

STATE OF IOWA,
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg, Judge.

The applicant challenges the reduction of his earned time credit by thirty days for filing a frivolous postconviction-relief action. **AFFIRMED.**

Francis Hurley, Des Moines, for appellant.

Brenna Bird, Attorney General, Eric Wessan, Solicitor General, and Ian M. Jongewaard, Assistant Solicitor General, for appellee State.

Considered without oral argument by Greer, P.J., Badding, J., and Potterfield, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2025).

**POTTERFIELD, Senior Judge.**

Edward Campbell Jr. filed an application for postconviction relief, asking that he be given "double credit" toward his sentence for the time he spent on parole or, alternatively, be paid $6500 by the Iowa Department of Corrections. The State successfully moved to have the action dismissed as frivolous pursuant to Iowa Code section 610A.2(1) (2023). It also asked the district court to impose a penalty against Campbell and, following a hearing on the motion, the court did so, reducing Campbell's earned time credit by thirty days. *See* Iowa Code § 610A.3(1)(a).

Campbell appeals. He argues that deciding how much to reduce his earned time credit is akin to sentencing and, accordingly, the district court should provide reasons on the record for its specific reduction decision. *Cf. Maghee v. Iowa Dist. Ct.*, 712 N.W.2d 687, 695 (Iowa 2006) ("Because [section 610A.3(1)(a)] does not mandate a set penalty, the sanction must rest in the discretion of the district court."); *State v. Thacker*, 862 N.W.2d 402, 407 (Iowa 2015) ("[We] have noted that by requiring reasons for a particular sentence to be on the record, a reviewing court will be able to assess whether there has been an abuse of discretion in sentencing."). Because the district court did not explain why it elected to impose a thirty-day reduction of his earned time credit, Campbell asks that we reverse the ruling, remand for rehearing, and require the court to explain its reason for the reduction imposed.

As Campbell asserts, it would aid our review of the district court's exercise of discretion if it stated its reasons on the record for the chosen penalty. *See Maghee*, 712 N.W.2d at 695 (requiring the applicant to "show an abuse of discretion to warrant our setting aside the sanction" of deducted earned time

credits).  But he cannot point to, and we have not found, any authority requiring the district court to do so.

Because the district court was not required to give reasons for the amount of earned time credit it deducted from Campbell and there is no evidence the district court abused its discretion by imposing a thirty-day reduction, we affirm.

**AFFIRMED.**